# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

No. 09-0435V
Filed: May 28, 2013
**TO BE PUBLISHED**[1]

*******************************************

| | | |
|---|---|---|
| MILDRED LAWRENCE, | * | |
| | * | |
| | * | Vaccine Act Attorneys' Fees; |
| Petitioner, | * | Reasonable Basis for Claim. |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

*******************************************

Richard Gage, Cheyenne, WY, for Petitioner.

Jennifer Reynaud, Washington, DC, for Respondent.


## DECISION AWARDING ATTORNEYS' FEES AND COSTS

**HASTINGS,** *Special Master*.


In this case under the National Vaccine Injury Compensation Program (hereinafter "the Program"), Mildred Lawrence ("Petitioner") seeks, pursuant to 42 U.S.C. § 300aa-15(e),[2] an award for attorneys' fees and litigation costs incurred in the course of Petitioner's attempt to

---

[1]Because I have designated this document to be published, this document will be made available to the public unless petitioner files, within fourteen days, an objection to the disclosure of any material in this decision that would constitute "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." See 42 U.S.C. § 300aa-12(d)(4)(B); Vaccine Rule 18(b).

[2]The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006). Hereinafter, for ease of citation, all § references will be to 42 U.S.C. (2006).

obtain Program compensation.[3]  After careful consideration, I have determined to grant the request in part, for the reasons set forth below.

# I

## PROCEDURAL BACKGROUND

The Petitioner, Mildred Lawrence, filed this petition on June 30, 2009, alleging that she was injured by a hepatitis B vaccination. (Pet. at 1.) Petitioner, at the time, was represented by Ronald Homer of the Conway, Homer, & Chin-Caplan ("CHC") law firm.  The case was originally assigned to Special Master Lord, and on March 17, 2010, in accordance with Special Master Lord's Order dated February 12, 2010, Petitioner filed an amended petition and her affidavit.  The amended petition included significantly more factual detail, but did not otherwise alter the first petition's basic allegation that petitioner "suffered rheumatologic injuries" as a result of a hepatitis B vaccination.  (Am. Pet. at *Introduction*.)   On June 15, 2010, the Secretary of Health and Human Services ("Respondent") filed a document opposing the petition for compensation. (Report, ECF No. 30.)

On August 15, 2011, Petitioner filed an application for interim attorneys' fees and costs, seeking a total award of $37,559.89.   (Hereinafter "Pet. App.")   Respondent filed an "Opposition" to Petitioner's application on September 8, 2011 (hereinafter "Opp."), and Petitioner filed a reply document on September 26, 2011 (hereinafter "Reply").  Petitioner also filed a supplemental request on September 26, 2011, seeking another $2,285.70 in fees; Respondent filed an Opposition to Petitioner's supplemental request on October 13, 2011. (ECF Nos. 57, 58.)

On November 1, 2011, Petitioner moved to substitute Richard Gage for Ronald Homer as her counsel of record.  (Motion, ECF No. 59.)   The case was reassigned to my docket on September 10, 2012, when Special Master Lord was about to leave the Office of Special Masters. (Order, ECF No. 63.)

In the meantime, while the fees application was pending, Respondent filed a Motion for Summary Judgment on April 12, 2012.  (Motion, ECF No. 61.)  On April 26, 2012, a motion requesting a decision on the record was filed by Petitioner. (Motion, ECF No. 62.)  In accord with that request, my final Decision, denying compensation, was filed on November 29, 2012. (Decision, ECF No. 64.)  Judgment in accord with that Decision was entered on January 3, 2013. (ECF No. 65.)

On February 20, 2013, I issued a "Decision on Attorneys' Fees and Costs," awarding a total of $39,345.59 to Petitioner and Petitioner's former counsel, Ronald Homer. (Decision, ECF

---

[3] Petitioner's counsel, Richard Gage, filed a Motion for Award of Final Attorneys' Fees and Reimbursement of Costs on March 15, 2013.  Petitioner's counsel also filed a Supplement to Motion for Award of Final Attorneys' Fees and Reimbursement of Costs on March 28, 2013.

No. 66.) On February 20, 2013, Petitioner's counsel, Richard Gage, filed a notice of election to file a civil action regarding the entitlement decision filed on November 29, 2012. (Notice, ECF No. 67.)

On March 15, 2013, Petitioner's counsel, Richard Gage, filed a Motion for Award of Final Attorneys' Fees and Reimbursement of Costs, requesting a total of $6,235.06 for reimbursement of fees and costs for Petitioner and Petitioner's current counsel, Richard Gage. (Motion, ECF No. 68.)  On March 28, 2013, Petitioner's counsel filed a Supplement to Motion for Award of Final Attorneys' Fees and Reimbursement of Costs, seeking an additional amount of $345.14 for Petitioner's costs. (Motion, ECF No. 70.)

On April 8, 2013, Respondent filed an Opposition to Petitioner's Motion for Award of Final Attorneys' Fees and Reimbursement of Costs, contesting the requested $6,235.06 amount, but not contesting Petitioner's supplemental request for expenses of $345.14. (Opposition ("Opp"), ECF No. 70.)

On April 22, 2013, Petitioner filed a Response to Respondent's Fees Opposition. (Response, ECF No. 74.)

## II

### LEGAL STANDARD FOR AWARDING ATTORNEYS' FEES AND COSTS

Special masters have the authority to award "reasonable" attorneys' fees and litigation costs in Vaccine Act cases.  § 300aa-15(e)(1).  This is true even when a petitioner is unsuccessful on the merits of the case, if the petition was filed in good faith and with a reasonable basis.  (*Id*.) "The determination of the amount of reasonable attorneys' fees and costs is within the special master's discretion." *Saxton v. HHS*, 3 F.3d 1517, 1520 (Fed. Cir. 1993); see also *Shaw v. HHS*, 609 F.3d 1372, 1377 (Fed. Cir. 2010).

Further, as to all aspects of a claim for attorneys' fees and costs, the burden is on the *petitioner* to demonstrate that the attorneys' fees claimed are "reasonable." *Sabella v. HHS*, 86 Fed. Cl. 201, 215 (Fed. Cl. 2009); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Rupert v. HHS*, 52 Fed. Cl. 684, 686 (Fed. Cl. 2002); *Wilcox v. HHS*, No. 90-991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997).  The petitioner's burden of proof to demonstrate "reasonableness" applies equally to *costs* as well as attorneys' fees. *Perreira v. HHS*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

One test of the "reasonableness" of a fee or cost item is whether a hypothetical petitioner, who had to use his own resources to pay his attorney for Vaccine Act representation, would be willing to pay for such expenditure. *Riggins v. HHS*, No. 99-382V, 2009 WL 3319818, at *3 (Fed. Cl. Spec. Mstr. June 15, 2009), *aff'd by unpublished order* (Fed. Cl. Spec. Mstr. Dec. 10, 2009), *affirmed*, 40 Fed. Appx. 479 (Fed. Cir. 2011); *Sabella v. HHS*, No. 02-1627V, 2008 WL 4426040, at *28 (Fed. Cl. Spec. Mstr. Aug. 29, 2008), *aff'd in part and rev'd in part*, 86 Fed. Cl.

3

201 (Fed. Cl. 2009). In this regard, the United States Court of Appeals for the Federal Circuit has noted that:

> [i]n the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

*Saxton*, 3 F.3d at 1521 (emphasis in original), quoting *Hensley*, 461 U.S. at 433-34. Therefore, in assessing the number of hours reasonably expended by an attorney, the court must exclude those "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434; see also *Riggins*, 2009 WL 3319818, at *4.

### III

### RESPONDENT'S ARGUMENTS

Respondent opposes Petitioner's request for Attorneys' Fees and Costs for two reasons. First, Respondent argues that Petitioner failed to demonstrate that there was a "reasonable basis" for continuing to pursue the case after the CHC firm left the case. (Opp. at 5-8.) Second, Respondent objects to particular items in the current request. Specifically, Respondent opposes the request for "paralegal time" in the amount of $1,741.50. (Opp. at 8-9.) Respondent also objects to the attorney rate sought by Richard Gage, Esq. (Opp. at 9.) Respondent additionally objects to the reasonableness of both attorney time and paralegal time charged to assemble the Motion for fees and costs. (Opp. at 9-10.) Finally, Respondent objects to the reasonableness of paralegal time charged to confer with Petitioner's former counsel regarding that firm's earlier application for interim fees. (Opp. at 10.)

### IV

### "REASONABLE BASIS" ISSUE

I have carefully considered Respondent's argument concerning "reasonable basis" (Opp. at 5-8), but I did not find it to be persuasive.

After reviewing the record, I conclude that Petitioner's counsel, Richard Gage, *did* have a reasonable basis for pursuing the claim for a short period of time after it had been transferred from former counsel. Prior to Mr. Gage's representation of Petitioner, Petitioner was in fact able to obtain the supporting opinion of a board-certified medical doctor, Dr. Paul J. Utz, of Stanford University. There is also additional circumstantial evidence supporting the existence of a reasonable basis, as detailed in the rationale given by prior Petitioner's counsel's "Reply to the Respondent's Opposition to Petitioner's Application for Interim Attorneys' Fees and Costs," filed on September 26, 2011, at page 15. (ECF No. 56.) For example, Petitioner did experience a number of symptoms very soon after the vaccination in question. Based upon the overall

circumstances, I find that it was reasonable for Mr. Gage to take the case, spend a small amount of his time determining whether it was viable, and then persuade Petitioner to seek a ruling on the record without trial.

## V

## AMOUNT OF THE AWARD

Petitioner's Motion for Award of Final Attorneys' Fees and Reimbursement of Costs and Supplement to Motion for Award of Final Attorneys' Fees and Reimbursement of Costs, filed on March 15, 2013, and March 28, 2013, seek $6,235.06 in attorneys' fees and costs, and $345.14 in Petitioner's own litigation costs. Respondent objects to certain amounts claimed by Petitioner's counsel, in Respondent's Opposition to Petitioner's Motion for Award of Final Attorneys' Fees and Reimbursement of Costs. (Opp., ECF No. 73.) Respondent does not object to Petitioner's out-of-pocket expenses of $345.14. (*Id.*)

### A. *Paralegal Time and Hourly Rate*

Petitioner requests an amount of $1,741.50 billed for paralegal time. I agree with Respondent that certain tasks billed for Mr. Gage's paralegal seem to have been secretarial in nature and not compensable.[4] Moreover, Mr. Gage did *not* offer a specific response to this argument of Respondent. Specifically, after my review, I conclude that the tasks specified by Respondent (Opp. at 8-9) are secretarial in nature, and therefore not compensable.

I thus will not compensate those specified paralegal hours. Respondent, however, did not point to any other *specific* paralegal hours as secretarial in nature, so I will allow the other claimed paralegal hours.

Additionally, Petitioner has not established that it is reasonable to pay the hourly rate of $135.00 for the services of his paralegal. I note that in two other Vaccine Act cases, special masters have recently awarded $100 per hour for paralegal time charged in Cheyenne, Wyoming and Missoula, Montana.[5] I will grant an hourly rate of $100 in this case.

---

[4] *See Cowan v. HHS*, No. 90-1189, 1993 WL 410090 (Fed. Cl. Spec. Mstr. Sept. 30, 1993) (faxing, delivering, and mailing information, conferring with staff, and planning travel arrangements are not compensable tasks)*; Murray v. HHS*, No. 90-1786V, 1992 WL 329303 (Fed. Cl. Spec. Mstr. Oct. 23, 1992) (typing is not compensable as a paralegal task); *Johnson v. HHS*, No. 90-645V, 1992 WL 247565 (Fed. Cl. Spec. Mstr. Sept. 14, 1992) (scheduling status conferences, arranging for copies to be made are not compensable); *Vickery v. HHS*, No. 90-997V, 1992 WL 281073 (Fed. Cl. Spec. Mstr. Sept. 14, 1992) (telephonically leaving a message, filing records in a drawer are not compensable paralegal tasks).

[5] *See Doe ex. Rel. Estate of Doe v. HHS*, 2010 WL 529425 (Fed. Cl. Spec. Mstr. Jan. 29, 2010); *Hiland v. HHS*, No. 10-491V, 2012 WL 542683 (Fed. Cl. Spec. Mstr. Jan. 31, 2012).

Accordingly, I will reduce the request for paralegal time to reflect a paralegal rate of $100 per hour, and to subtract the above-mentioned time charged for tasks that were secretarial in nature and not compensable.

## B. Attorney Hourly Rate

I disagree with Respondent concerning the attorney rate for the years in question sought by Richard Gage. Petitioner's counsel, Richard Gage has charged an hourly rate, for the years 2012-2013, of $260, which I determine to be a reasonable rate. Mr. Gage has practiced in the Vaccine Program for many years, and other special masters have determined the reasonableness of his hourly rate, or the hourly rate of another attorney of similar experience from Cheyenne, Wyoming, in a series of decisions in recent years. As set forth below, those recent decisions have determined that the reasonable hourly rate for attorneys of similar experience practicing in Cheyenne, Wyoming, for work performed between 2005 and 2012, falls between $200–$250 per hour.[6] I find that the rate of $260 per hour claimed here is reasonable, since the rate for the years in question (2012-2013) aligns with the steady progression in the local hourly rates for vaccine litigation every year since 2005 in Cheyenne, Wyoming.[7] Mr. Gage's hourly rate of $260 is reasonable under these circumstances.

## C. Attorney and Paralegal Time in Preparation of Fees and Costs Application

I note that in making this argument (Opp. at 9-10), Respondent's counsel surprisingly did not summarize for me how many attorney and paralegal hours were charged for this purpose, which should have been done. Accordingly, I have evaluated the amount of time expended in assembling the final fees and costs application in this case, and I find the amount reasonable.

## D. Reasonableness of Paralegal Time to Confer with Former Counsel

I agree with Respondent's counsel that the paralegal time on January 23, 2012, has not been shown to be reasonable. Accordingly, I will not compensate that time.

## E. Supplemental Application

Respondent did not challenge the supplemental application, totaling costs for Petitioner of $345.14. I find these costs to be reasonable.

---

[6] *See, e.g.*, *Hall v. HHS*, 02-1052V, 2009 WL 3423036 (Fed. Cl. Spec. Mstr. Oct. 6, 2009); *Dougherty v. HHS*, 05-700V, 2011 WL 5357816 (Fed. Cl. Spec. Mstr. Oct. 14, 2011); *Masias v. HHS*, 634 F.3d 1283 (Fed. Cir. 2011).

[7] *See Dougherty v. HHS*, 05-700V, 2011 WL 5357816, at Table 2 (Fed. Cl. Spec. Mstr. Oct. 14, 2011).

***F. Summary of Reductions***

In conclusion, I award Petitioner a total of $5,413.56 in attorneys' fees and costs. This amount was calculated as follows:

| | |
|---|---|
| 16.3 attorney hours times $260 = | $4,238.00 |
| 9.2 paralegal hours times $100 = | $ 920.00 |
| Counsel's costs = | $ 255.56 |
| Total = | $5,413.56 |

---

# VI

# CONCLUSION

For the reasons set forth above, I award Petitioner $5,413.56 in fees and costs for her original application, plus $345.14 for her supplemental application. The $5,413.56 award shall be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Richard Gage, Esq., and the $345.14 should be in the form of a check made payable to Petitioner.

/s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master

7