# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 06-0379V

Filed: August 22, 2013

**TO BE PUBLISHED**[1]

```
*******************************************
JHEANELLE WALTERS, parent of Senon      *
Walters, a minor,                        *
                                         *
                                         *        Vaccine Act Attorneys' Fees;
                 Petitioner,             *        Reasonable Basis for Claim.
                                         *
 v.                                      *
                                         *
SECRETARY OF HEALTH AND                  *
HUMAN SERVICES,                          *
                                         *
                 Respondent.             *
*******************************************
```

Richard Gage, Cheyenne, WY, for Petitioner.

Ann Martin, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS

**HASTINGS,** *Special Master*.

In this case under the National Vaccine Injury Compensation Program (hereinafter "the Program"), Jheanelle Walters ("Petitioner") seeks, pursuant to 42 U.S.C. § 300aa-15(e),[2] an

---

[1]Because I have designated this document to be published, this document will be made available to the public unless petitioner files, within fourteen days, an objection to the disclosure of any material in this decision that would constitute "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." See 42 U.S.C. § 300aa-12(d)(4)(B); Vaccine Rule 18(b).

[2]The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006). Hereinafter, for ease of citation, all § references will be to 42 U.S.C. (2006).

award for attorneys' fees and litigation costs incurred in the course of Petitioner's attempt to obtain Program compensation. After careful consideration, I have determined to grant the request in part.

# I

## PROCEDURAL BACKGROUND

The Petitioner, Jheanelle Walters, filed this petition on May 9, 2006, alleging that her son, Senon, was injured by various vaccinations. (Pet. at 1.) The case was assigned to me on May 9, 2006. (Notice, ECF No. 2.)

On August 7, 2006, Respondent's counsel filed a "Rule 4 Report," asserting that the petition did not state with particularity the circumstances surrounding the claim and was not accompanied by materials required to be filed with a petition for compensation under the Vaccine Act. (Report, ECF No. 5.) On February 13, 2009, I issued an Order instructing that Petitioner must file medical records. (Order, ECF No. 7.)

On May 29, 2009, I issued an Order noting that Petitioner's address of record had changed. (Order, ECF No. 10.) On August 27, 2009, Petitioner filed medical records. (ECF No. 14.)

On September 16, 2010, I ordered Petitioner to provide the court with a reliable medical expert's opinion to establish "(1) a medical theory causally connecting the vaccination to the injury; (2) a logical sequence of cause and effect showing the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between the vaccination and the injury." (Order, ECF No. 15.) I also ordered Petitioner to inform the court of how she wished to proceed within 30 days. (*Id.*) She did not respond.

On November 23, 2010, I issued an Order to Show Cause, informing the Petitioner that she had 30 days to tell me how she wished to proceed within the case, or her case would be dismissed. (Order to Show Cause, ECF No. 16.) On January 11, 2011, Petitioner responded to the Order to Show Cause, informing the court that she intended to proceed with her claim, and requested an extension of time. (Response, ECF No. 17.)

On July 15, 2011, Petitioner filed a Motion for Substitution of Counsel, to substitute attorney Richard Gage as counsel of record in the case. (Motion, ECF 18.) On December 22, 2011, I issued an Order asking the Petitioner to state whether she wished to continue with her claim or exit the Vaccine Program. (Order, ECF No. 22.) If Petitioner wished to continue with her claim, I ordered her to file an amended petition, and, if exiting, Petitioner should file the appropriate notice. (*Id.*)

On July 18, 2012, Petitioner filed a Status Report, stating that additional testing had been performed on Senon, and that upon receipt of the results of that testing, Petitioner would inform me of her intention to proceed in this case. (Status Report, ECF No. 24.)

On February 1, 2013, Petitioner filed Exhibit 1, results of genetic testing, along with a Status Report, stating that once the test results have been analyzed, she would inform me as to how she will proceed. (ECF Nos. 28, 29.)

On February 26, 2013, Petitioner filed a Status Report requesting more time to inform the court of how she wished to proceed, and I granted this request. (Status Report, ECF No. 31; Order, Feb. 28, 2013.)

On April 8, 2013, I issued an Order to Show Cause, ordering Petitioner to show cause why she did not respond to my order of February 28, 2013. (Order to Show Cause, ECF No. 32.) On April 22, 2013, Petitioner's counsel filed a Motion for a Decision Dismissing the Petition. (Motion, ECF No. 33.) On May 2, 2013, I issued a Decision dismissing the case for insufficient proof of causation. (Decision, ECF No. 34.)

On May 10, 2013, Petitioner's counsel filed a Motion for Award of Final Attorneys' Fees and Reimbursement of Costs, seeking $8,616.91 in total for attorneys' fees and costs. (Motion, ECF No. 35.) On May 23, 2013, Respondent's counsel filed an Opposition to that motion, opposing certain elements of Petitioner's request. (Opposition, ECF No. 36.)

On June 7, 2013, Petitioner filed a Response to Respondent's Objection to Attorneys' Fees and Costs, arguing that a reasonable basis existed for the fees claimed by Petitioner. (Response, ECF No. 38.)

## II

## LEGAL STANDARD FOR AWARDING ATTORNEYS' FEES AND COSTS

Special masters have the authority to award "reasonable" attorneys' fees and litigation costs in Vaccine Act cases. § 300aa-15(e)(1). This is true even when a petitioner is unsuccessful on the merits of the case, if the petition was filed in good faith and with a reasonable basis. (*Id*.) "The determination of the amount of reasonable attorneys' fees and costs is within the special master's discretion." *Saxton v. HHS*, 3 F.3d 1517, 1520 (Fed. Cir. 1993); see also *Shaw v. HHS*, 609 F.3d 1372, 1377 (Fed. Cir. 2010).

Further, as to all aspects of a claim for attorneys' fees and costs, the burden is on the petitioner to demonstrate that the attorneys' fees claimed are "reasonable." *Sabella v. HHS*, 86 Fed. Cl. 201, 215 (Fed. Cl. 2009); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Rupert v. HHS*, 52 Fed. Cl. 684, 686 (Fed. Cl. 2002); *Wilcox v. HHS*, No. 90-991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997). The petitioner's burden of proof to demonstrate "reasonableness" applies equally to costs as well as attorneys' fees. *Perreira v. HHS*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

One test of the "reasonableness" of a fee or cost item is whether a hypothetical petitioner, who had to use his own resources to pay his attorney for Vaccine Act representation, would be

willing to pay for such expenditure. *Riggins v. HHS*, No. 99-382V, 2009 WL 3319818, at *3 (Fed. Cl. Spec. Mstr. June 15, 2009), *aff'd by unpublished order* (Fed. Cl. Spec. Mstr. Dec. 10, 2009), *affirmed*, 40 Fed. Appx. 479 (Fed. Cir. 2011); *Sabella v. HHS*, No. 02-1627V, 2008 WL 4426040, at *28 (Fed. Cl. Spec. Mstr. Aug. 29, 2008), *aff'd in part and rev'd in part*, 86 Fed. Cl. 201 (Fed. Cl. 2009). In this regard, the United States Court of Appeals for the Federal Circuit has noted that:

> [i]n the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

*Saxton*, 3 F.3d at 1521 (emphasis in original), quoting *Hensley*, 461 U.S. at 433-34. Therefore, in assessing the number of hours reasonably expended by an attorney, a special master must exclude those "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434; see also *Riggins*, 2009 WL 3319818, at *4.

## III

## RESPONDENT'S ARGUMENTS

Petitioner's motion seeks $8,616.91 in total for attorneys' fees and costs. Specifically, Petitioner seeks $1,360.00 in fees for Richard Gage, $5,175.00 for attorney Don Gerstein's fees, $1,756.91 for Mr. Gage's attorney costs, and $325.00 for Petitioner's own costs. (Motion.)

Respondent opposes Petitioner's request on two grounds. First, Respondent argues that Petitioner's attorney, Richard Gage, charged an excessive hourly rate for 2013 hours. (Opp. at 4, fn 5.) Additionally, Respondent objects to an allegedly excessive number of hours billed by both attorneys. (Opp. at 3-6.)

### A. *Hourly Rates*

As to the hourly rates claimed for 2013 for attorney Richard Gage, a rate of $270 an hour, I will award $260 for attorney Gage, since Petitioner's counsel has not justified any greater amount.[3]

---

[3] In *Lawrence v. HHS*, No. 09-0435V, 2013 WL 3146775, at *4 (Fed. Cl. Spec. Mstr. May 28, 2013), I noted that Mr. Gage has practiced in the Vaccine Program for many years, and that other special masters have determined the reasonableness of his hourly rate, or the hourly rate of another attorney of similar experience from Cheyenne, Wyoming, in a series of decisions in recent years. Those recent decisions determined that the reasonable hourly rate for attorneys of similar experience practicing in Cheyenne, Wyoming, for work performed between 2005 and 2012, falls between $200 and $250 per hour (*See, e.g.*, *Hall v. HHS*, 02-1052V, 2009 WL 3423036 (Fed. Cl. Spec. Mstr. Oct. 6, 2009); *Dougherty v. HHS*, 05-700V, 2011 WL 5357816

4

### B. *Number of Attorney Hours*

Respondent challenges the number of hours billed by both attorneys. Initially, I appreciate the fact that Mr. Gage's firm took over this case and guided it to a fair conclusion. It was very reasonable for him to do so, and I will compensate him reasonably for doing so. However, Respondent has challenged the number of attorney hours billed, given the small amount of written work filed by the firm. Mr. Gage's Reply did *not* provide a very specific response on this point.

After studying the hours claimed, and utilizing my experience in other Vaccine Act cases in general, and other Vaccine Act *autism* cases specifically, I will allow all of the hours claimed by Mr. Gage, but reduce the hours claimed by Mr. Gerstein by 20 percent. This resulting total number of attorney hours seems reasonable to me, for the important role that Mr. Gage's firm played in bringing the case to a conclusion.

### C. *Summary of Reductions*

In conclusion, I award Petitioner a total of $7,222.41 in attorneys' fees and costs, plus $325.00 in Petitioner's costs. This amount was calculated as follows:

| | |
|---|---|
| Richard Gage, P.C., fees: | $1,326.00 (amount reflects hourly rate of $260/hr) |
| Don Gerstein's fees: | $4,140.00 (amount reflects 20 percent reduction) |
| Richard Gage, P.C., costs: | $1,756.41 |
| TOTAL: | $7,222.41 |
| | |
| Client Costs: | $325.00 |

---

(Fed. Cl. Spec. Mstr. Oct. 14, 2011); *Masias v. HHS*, 634 F.3d 1283 (Fed. Cir. 2011).) In *Lawrence*, I found that the rate of $260 per hour claimed by Mr. Gage for 2012-2013 was reasonable, since that rate aligns with the steady progression in the local hourly rates for vaccine litigation every year since 2005 in Cheyenne, Wyoming. (*See Dougherty v. HHS*, 05-700V, 2011 WL 5357816, at Table 2 (Fed. Cl. Spec. Mstr. Oct. 14, 2011).)

**VI**

**CONCLUSION**

For the reasons set forth above, I award Petitioner $7,222.41 in attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Richard Gage, Esq. I also award an additional $325.00 in costs in the form of a check made payable to Petitioner.

<u>/s/ George L. Hastings, Jr.</u>
George L. Hastings, Jr.
Special Master