# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-888V
**Filed: June 1, 2016**

| | |
|---|---|
| * * * * * * * * * * * * * * * * | UNPUBLISHED |
| STEVE BALDWIN, * | |
| * | |
| * | Special Master Gowen |
| Petitioner, * | |
| * | |
| v.  * | Attorneys' Fees and Costs. |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * * * * | |

Jeffrey S. Pop, Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 22, 2014, Steve Baldwin ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving measles-mumps-rubella vaccinations on January 16, 2012 and February 24, 2012, he developed injuries, including myalgia, muscle fasciculation in extremities, peripheral neuropathy, and chronic pain. On May 16, 2016, the parties filed a stipulation in which they agreed to an award of compensation to petitioner. On May 18, 2016, the undersigned issued

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

a decision adopting the parties' stipulation for an award. See Decision on J. Stip., filed May 18, 2016.

On May 27, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner requested $32,552.25 for attorneys' fees based on 147.5 hours of work at a rate of $400.00 an hour for attorney Jeffrey Pop, $235.00 an hour for attorney Kristina Grigorian, $145.00 an hour for paralegal Thomas Hahn, and $125.00 an hour for law clerks. See Application for Attorneys' Fees and Costs ("App.") at 1, filed May 27, 2016. Petitioner also requested $16,213.34 for attorneys' costs. Id. at 1-2. Pursuant to General Order #9, petitioner represented that he did not incur any out-of-pocket expenses related to this litigation. See General Order #9 Statement, filed May 27, 2016

On May 31, 2016, respondent filed a response to petitioner's application for attorneys' fees and costs. Respondent indicated that she is "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response ("Response") at 2, filed May 31, 2016. Respondent further provided that "[b]ased on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims, . . . a reasonable amount for fees and costs in the present case would fall between $28,000.00 and $31,000.00." Id. at 3 (citing McLaughlin v. HHS, No. 14-883V, 2016 WL 1605365 (Fed. Cl. Spec. Mstr. Mar. 29, 2016), which awarded $28,634.21 for attorneys' fees and costs in a settled case involving petitioner's counsel, alleging a neurological injury, and involving one expert witness for petitioner; and Clark v. HHS, 14-1034V, 2015 WL 10436104 (Fed. Cl. Spec. Mstr. Oct. 2, 2015), which awarded $30,717.87 for attorneys' fees and costs in a settled case involving petitioner's counsel, alleging lymphoma as the injury, and involving one expert witness for petitioner).

Petitioner's counsel averred in the application for attorneys' fees and costs that certain "unusual factors" concerning this case supported the hours and costs expended. See App. at 2-3. Counsel indicated that, in preparation of a likely trial, he obtained a declaration from petitioner's treating physician, Dr. Baniadam, and interviewed and met with another physician, Dr. Sebahar. Id. at 2. As such, counsel requested costs in the amount of $2,377.50 for Dr. Baniadam, and $1,200.00 for Dr. Sebahar. Additionally, counsel indicated that he contacted six lay witnesses "to refute respondent's arguments that petitioner's previous drug and alcohol problems were related to his illness." Id. According to counsel, two of these witnesses provided declarations for this case. Id. Counsel averred that "[e]ventually, after filing the first few declarations, settlement negotiations occurred and a fair resolution was made . . . ." Id. at 2-3.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. See Avera v. Sec'y of HHS, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. Special masters are permitted to reduce the claimed number of hours to a reasonable number by means of a bulk reduction and are not required to assess fee petitions line-by-line. Wasson v. Sec'y of HHS, 24 Cl. Ct. 482, 484 (1991). Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v.

Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (citing Farrar v. Sec'y of HHS, 1992 WL 336502 at * 2 - *3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)). The requirement that attorneys' fees be reasonable also applies to costs. See Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994) ("Not only must any request for attorneys' fees be reasonable, so must any request for reimbursement of costs").

The undersigned has reviewed the billing records and documentation of costs in this case and they appear reasonable. Based on the undersigned's decision in McCulloch v. Sec'y of HHS, No. 09-293, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), Special Master Corcoran found reasonable a rate of $400.00 an hour for petitioner's counsel, Mr. Jeffrey Pop (for approximately 43 years of experience), a rate of $235.00 an hour for associate Ms. Kristina Grigorian (for 3 years of legal experience and prior Vaccine Program experience), and a rate of $145.00 an hour for paralegal Thomas Hahn (for prior experience as an attorney). See Pentcholov v. Sec'y of HHS, No. 14-414V (Fed. Cl. Spec. Mstr. Apr. 29, 2016). The undersigned finds those hourly rates, which petitioner has requested in this case, to be reasonable rates.

Regarding a reasonable number of hours expended, the undersigned believes that the number of hours expended by counsel in preparing a given case is largely due to the individual complexities of the case, rather than to a type of disease or other general category of cases. In this case, counsel's efforts to prepare for an entitlement hearing up until settlement became feasible was a reasonable expenditure of time, as the parties were on the verge of setting a date for an entitlement hearing just before reaching a litigative risk settlement in April 2016. The undersigned also finds reasonable the costs associated with obtaining expert opinions, obtaining declarations from treating physicians, and consulting with petitioner's physicians about this case, as this case was in a litigation posture for considerable duration.

Based on the foregoing, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs in the amount of $48,765.59, pursuant to 42 U.S.C. § 300 aa-15(e).

An award should be made as follows:

**(1)** **in the form of a check jointly payable to petitioner and to petitioner's attorney, Jeffrey S. Pop, of Jeffrey S. Pop & Associates, in the amount of $48,765.59.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

s/ Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.