**Carl J. PERREIRA and Christina J. Perreira, parents and next friend of Carly C. Perreira, Petitioners–Appellants,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent–Appellee.**

No. 93–5055.

United States Court of Appeals, Federal Circuit.

Aug. 31, 1994.

Robert T. Moxley, Gage & Moxley, Cheyenne, WY, submitted, for petitioners-appellants.

Richard C. Mahler, Trial Atty., Dept. of Justice, of Washington, DC, submitted for respondent-appellee. With him on the brief

were Stuart E. Schiffer, Acting Asst. Atty. Gen., Helene M. Goldberg, Director and John Lodge Euler, Deputy Director.

Before RICH, PLAGER, and LOURIE, Circuit Judges.

PLAGER, Circuit Judge.

Carl J. Perreira and Christina J. Perreira (petitioners-appellants) appeal the decision of the Court of Federal Claims,[1] 27 Fed.Cl. 29 (1992),[2] partially denying attorney fees and costs in a vaccine case. We *affirm.*

## BACKGROUND

Petitioners–Appellants filed suit on August 30, 1990 seeking compensation under the National Childhood Vaccine Injury Act (Vaccine Act).[3] They claimed that a diphtheria-tetanus-pertussis (DPT) vaccination given to their daughter, Carly C. Perreira, aggravated her previously existing seizure condition. After a bench hearing on May 2, 1991 the Chief Special Master denied the claim; the written decision was issued on June 13, 1991 and the judgment was entered on' July 17, 1991 after petitioners-appellants failed to challenge this decision.

Although they were denied compensation petitioners-appellants sought an award for attorney fees and costs in the amount of $15,955.44.[4] The costs for the expert witness alone was $6,981.28; the expert was paid $2000 for reviewing the case and was prepaid $4,400 for appearing and testifying at the hearing.

The Special Master, in a decision dated June 12, 1992, partially granted the request for attorney fees and costs. In the decision the Special Master found that the claim was initially filed in good faith and with a reasonable basis for recovery. The special master found, however, that upon reviewing their expert's opinion prior to the hearing petitioners-appellants no longer had a reasonable basis for their claim. The expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies, and therefore, of no value in establishing causation in-fact. In the absence of other evidence the special master found that the expert opinion alone did not provide a reasonable basis to support the claim. Therefore, the Special Master awarded only $6,200.43, the costs and fees up to the point of the hearing.

The Claims Court sustained the Special Master's decision because it was in accordance with the law and not arbitrary, capricious, or an abuse of discretion. 27 Fed.Cl. 29

## DISCUSSION

█ We review the decision of the Court of Federal Claims under a highly deferential standard. "We may not disturb the judgment of the [court] unless we find that judgment to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Munn v. Secretary of Dep't Health & Human Servs.,* 970 F.2d 863, 870 (Fed.Cir.1992); *see also Phillips v. Secretary of Dep't Health & Human Servs.,* 988 F.2d 111, 112 (Fed.Cir.1993).

Petitioners–Appellants offer three arguments to support their claim to attorney fees and costs. First, they argue that the Court of Federal Claims' decision requiring them to verify expert testimony before relying on it will cause counsel to violate their ethical duty to zealously represent their clients. Second, they argue that the intent of Congress is violated by requiring counsel to support expert opinions as a requisite to receiving attorney fees and costs under the Vaccine Act.

---

1. The Claims Court was renamed the Court of Federal Claims on October 29, 1992. Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506, 4516.

2. This decision sustained the special master's decision dated June 12, 1992.

3. 42 U.S.C. §§ 300aa–10 to 300aa–34 (1988 & Supp. III 1991 & Supp. IV 1992).

4. Even though an initial petition for compensation is denied under the Vaccine Act, "the court may include in the judgment an amount to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the court determines that the civil action was brought in good faith and there was a reasonable basis for the claim for which the civil action was brought." 42 U.S.C. § 300aa–15(e)(1).

Finally, they argue there was a reasonable basis to bring the claim because the expert opinion was sufficiently supported in medical literature.

■ We are not persuaded by these arguments. As the Court of Federal Claims properly noted, counsel's duty to zealously represent their client does not relieve them of their duty to the court to avoid frivolous litigation.

■ Furthermore, the Court of Federal Claims properly found that the intent of Congress in enacting the Vaccine Act was not violated by the special master's inquiry into the basis of the expert's opinion. Since the funds which are payable under this statute are limited,[5] Congress must not have intended that every claimant, whether being compensated or not under the Vaccine Act, collect attorney fees and costs by merely having an expert state an unsupported opinion that the vaccine was the cause in-fact of the injury. The words of the statute require more. Attorney fees and costs may be awarded despite losing on the underlying claim if the petition is brought in good faith and there is a reasonable basis for the claim. 42 U.S.C. § 300aa–15(e)(1) (1988). However, when the reasonable basis that may have been sufficient to bring the claim ceases to exist, it cannot be said that the claim is maintained in good faith.

■ We agree with the Court of Federal Claims that, once petitioners-appellants reviewed the expert opinion upon which their case depended, they no longer had a reasonable basis for claiming causation in-fact because the expert opinion was grounded in neither medical literature nor studies.[6] We do not believe the Court of Federal Claims' decision places a greater burden on counsel than was intended by Congress. The special master did not require counsel to verify the validity of the expert's opinion, but only required the opinion to be more than unsupported speculation.

Finally, we find petitioners-appellants' third argument to be unsupported by the record. When the special master asked the expert to support his theory that a vaccine can aggravate a preexisting condition 14 days after the vaccine, the expert acknowledged that it was not supported in the literature and that "… it hasn't been studied."[7] Therefore, we reject the argument that there is support for the expert's opinion.[8]

## CONCLUSION

For these reasons we hold that the decision of the Court of Federal Claims was not contrary to the law or arbitrary, capricious, or an abuse of discretion.

***AFFIRMED***

---

5. *See* 42 U.S.C. §§ 300aa–15(j) (1988 & Supp. III 1991 & Supp. IV 1992).

6. An expert opinion is no better than the soundness of the reasons supporting it. *Fehrs v. United States*, 620 F.2d 255, 265 (Ct.Cl.1980); *cf. Daubert v. Merrell Dow Pharmaceuticals, Inc.*, —— U.S. ——, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

7. *See* Decision of Special Master page 4.

8. Although petitioners-appellants offer medical literature in their Reply brief to support their expert's opinion with, these sources are not mentioned in the record below and can not be considered for the first time on appeal.