# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-189V
Filed: April 29, 2013
Not To Be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| ANNE BROOKS BRAUER, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Attorneys' Fees and Costs;
Reasonable Basis Determination

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Anne B. Brauer, Fredericksburg, VA, pro se.
Lara A. Englund, Washington, DC, for respondent.


**MILLMAN, Special Master**

### DECISION DENYING ATTORNEYS' FEES AND COSTS[1]

On March 23, 2012, petitioner filed a petition pro se under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10-34, alleging that influenza vaccine administered on October 11, 2011 caused her pain, sweating, swelling in her legs, wrists, and knees, and Guillain-Barré syndrome ("GBS"). On January 22, 2013, the undersigned issued a decision dismissing the petition ("Decision") for failure to make a prima facie case. The clerk of the court entered judgment pursuant to Vaccine Rule 11(a) on February 25, 2013. On March 13, 2013, petitioner filed an application for attorneys' fees and costs ("Fee App."). Petitioner requests $13,725.00, comprised of $13,575.00 in fees and $150.00 in costs. On March 29, 2013, respondent filed a response to petitioner's application for attorneys' fees and costs ("Opp'n"). On April 8, 2013,

---

[1] Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

respondent filed a supplement to her response in opposition to petitioner's request for attorneys' fees and costs ("Supp. Opp'n"). Petitioner filed a reply to respondent's response and supplemental response ("Reply") on April 24, 2013. In her reply, petitioner requests $17,303.00 in attorneys' fees and costs.[2]

## I. Factual Background

Petitioner was born on May 16, 1929.

On May 17, 2011, before she received her October 11, 2011 flu vaccination, she went to Fredericksburg Orthopaedic Associates, P.C., complaining of an injury in December 2010 when her large dog pulled her across the street in response to the barking of another dog. She had significant pain. She subsequently developed walking pneumonia. She limped on her right side. PA Heather Brown diagnosed her with severe right hip osteoarthritis, lumbar spondylosis, and right knee osteoarthritis, and gave her a prescription for Celebrex. Folder no. 4, unpaginated page.

On October 11, 2011, petitioner received influenza vaccine. Folder no. 3 at page 22.

On December 26, 2011, petitioner saw Dr. George D. Fish at Mary Washington Hospital for an x-ray of her right hip which was ordered by Dr. David M. Garth. Folder no. 4 at page 1. Petitioner had pain without trauma after having had a fall. She had lateral right hip pain. Dr. Fish diagnosed her with severe advanced osteoarthritic changes of her right hip. Id. Petitioner attributed her pain to the flu vaccination. Ex. A at 95. Petitioner's pain in her right hip began about one year previously after a fall and peaked in severity about one day before. Petitioner stated she had x-rays about six months previously and was diagnosed with a right hip fracture. The pain had been waxing and waning in severity since it began. Id. Dr. Fish interpreted an x-ray of petitioner's lumbosacral spine as showing advanced degenerative changes of the lumbar spine and both hips with particularly striking degeneration of the right hip. His impression was advanced degenerative changes but no definite acute abnormality. Id. at 103.

On the same date, December 26, 2011, Dr. Fish took an x-ray of petitioner's right knee which showed osteoarthritic changes of her knee with a sizable approximately 2.8 cm calcific loose body in the suprapatellar pouch. Folder no. 4 at page 31.

On January 18, 2012, PA Brown at Fredericksburg Orthopaedic Associates, P.C. noted petitioner had increased lower back and right hip pain. Petitioner had known severe osteoarthritis of her hip and lower back. The pain became so intolerable over the holidays, which were very active, that she went to the emergency room and was treated and released with medications by Dr. Garth, and then referred back to Fredericksburg Orthopaedic Associates for further evaluation. Oral steroids provided relief for a short period of time. Petitioner used a cane and had a knee brace on her right knee. Otherwise, petitioner was neurosensorily intact, in other words, normal neurologically. X-rays showed petitioner has severe osteoarthritis of her right hip and lumbar spondylitic changes. The recommendation was that petitioner get her right hip replaced. Id. at unpaginated page.

_____

[2] The sum of petitioner's requests was actually $17,293.00. See Reply 1-2.

On April 3, 2012, petitioner saw Dr. Andrew Garvie, complaining of nausea, vomiting, diarrhea, cough, and congestion. Dr. Garvie thought petitioner's heart had some cardiomegaly. She had atherosclerosis and degenerative changes in her spine. Ex. A at 59. She had no seriously abnormal test results. Dr. Garvie diagnosed petitioner with bronchitis. Id. He prescribed Robitussin A-C cough syrup. Id.

On August 12, 2012, petitioner returned to Mary Washington Hospital, complaining of left flank pain. Dr. Roni F. Talukdar examined petitioner's CT scans and concluded there was no explanation for the symptoms. Id. at 33. Her organs were normal and there was no kidney stone. Dr. Talukdar noted that petitioner had marked degenerative change within her hips with severe osteoarthritis of her right hip. She also had multilevel degenerative disc and facet disease involving her lower lumbar spine. Id.

## II. Discussion

### A. In General

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim." Id. The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

### B. Attorneys' Fees

Petitioner requests compensation for the time she spent working on this case. Fee App. 4-6; Reply 1-2. As a pro se petitioner, petitioner in the above-captioned case cannot be compensated for attorneys' fees for time expended in pursuit of her petition. Under 42 U.S.C. § 300aa-15(e)(1) and Vaccine Act case law, it is firmly established that pro se petitioners are not entitled to attorneys' fees. See Long v. Sec'y of HHS, No. 94-310V, 1995 WL 1093129, at *1 (Fed. Cl. Spec. Mstr. Oct. 27, 1995) (finding that a non-attorney pro se petitioner was not entitled to attorneys' fees); see also Kay v. Erhler, 499 U.S. 432, 435 (finding that a pro se litigant is not entitled to attorneys' fees for a case brought under 42 U.S.C. § 1988, which contains a fee provision similar to the Vaccine Act's); Kooi v. Sec'y of HHS, No. 05-438V, 2007 WL 5161800, at *6 (Fed Cl. Spec. Mstr. Nov. 21, 2007) (finding a husband is not entitled to attorneys' fees for research and work regarding his wife's petition). She is not entitled to be reimbursed for expending her own time in pursuit of her petition. Petitioner's request for attorneys' fees for herself is denied. The next question is whether she receives costs.

### C. Costs: Good Faith and Reasonable Basis Determinations

The Vaccine Act provides that a special master may award a pro se petitioner costs if the

3

special master determines that the petition was "brought in good faith and there was a reasonable basis for the claim . . . ." 42 U.S.C. § 300aa-15(e)(1).  Respondent claims that petitioner has not met the statutory requirement of establishing that the petition was brought with a reasonable basis.  Opp'n 2.  Therefore, respondent objects to any award of costs.

## 1. Good Faith

Good faith has been interpreted to mean that the petitioner holds an honest belief that a vaccine injury occurred.  Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  As such, the good faith requirement is subjective.  Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner is "entitled to a presumption of good faith."  Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (1996).

In the present case, respondent has not presented any evidence to overcome petitioner's presumption of good faith.  Respondent does not mention good faith in her response or supplemental response to petitioner's application for attorneys' fees and costs.  See Opp'n; Supp. Opp'n.  Respondent instead focuses her opposition on whether petitioner had a reasonable basis for her claim.

## 2. Reasonable Basis

Respondent contends that the petition filed in the above-captioned case lacked a reasonable basis.  Unlike good faith, the reasonable basis requirement is "objective, looking not at the likelihood of success [of a claim] but more to the feasibility of the claim."  Turner, 2007 WL 4410030, at *6  (quoting DiRoma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)).  When a petitioner prevails on the merits, reasonable basis is presumed.  However, when a petitioner does not prevail on the merits, as in the present case, the special master must determine whether the petition had a reasonable basis.

A special master may consider a number of factors when determining reasonable basis, including the factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed.  Turner, 2007 WL 4410030, at *6-8 (citations omitted).

To demonstrate a reasonable basis for a vaccine injury claim for purposes of §300aa–15(e), a petitioner must demonstrate based on the totality of the circumstances that her claim was feasible.  See Turner, 2007 WL 4410030, at *6.  "Feasibility," not likelihood of success by a preponderance of the evidence threshold, is the standard.  See id.

Petitioner has failed to demonstrate that her claim was feasible.  Petitioner alleged throughout this proceeding that she had a vaccine reaction and that flu vaccine caused her to have GBS.  However, the medical records do not support petitioner's claim that she had a vaccine reaction or that she had GBS.  See Decision 5-6.  As respondent asserts, petitioner "was never diagnosed with or treated for GBS," nor did she report symptoms consistent with GBS.  Opp'n 2.  Petitioner's records show that she has longstanding osteoarthritis which predates her flu vaccination.  She had an unfortunate incident in December 2010 of her large dog dragging her across the street in response to another dog barking, which injured her right hip.  Petitioner's

4

fractured right hip and osteoarthritic right knee containing a calcific loose body continued to cause her pain, prompting Dr. Fish to recommend that she get her hip replaced. Petitioner attributed her right hip pain to the flu vaccination she received two and one-half months earlier; however, Dr. Fish noted that her right hip pain actually predated her vaccination and began one year earlier. See Ex. A at 95. In addition, while petitioner believes that Dr. Garvie told her in April 2012 that she had GBS, the medical record indicates that Dr. Garvie diagnosed her with bronchitis. See id. at 59. There is no medical record in April 2012 or on any other date in which a doctor diagnosed petitioner with GBS. Furthermore, there are no records showing petitioner had more than six months of sweating or swelling due to flu vaccination. Nothing in petitioner's medical records substantiates petitioner's allegations of a vaccine reaction. Petitioner's allegations alone are not sufficient to establish a reasonable basis for her vaccine injury claim. 42 U.S.C. § 300aa-13(a)(1). Therefore, the undersigned finds that petitioner did not have a reasonable basis for her petition and is not entitled to an award of costs.

### 3. Pain and Suffering

In her reply, petitioner requests $12,000.00 for "[l]oss of mobility from severe BGS [sic] pain." Reply 1. Petitioner has confused costs with damages. Payment for pain and suffering is not a cost incurred in a proceeding on a petition, as required by 42 U.S.C. § 300aa-15(e)(1). The undersigned cannot make an award for pain and suffering based on a vaccine injury claim when a petitioner has been denied entitlement to damages on the merits. In the above-captioned case, petitioner's petition was dismissed for failure to make a prima facie case and she was not entitled to damages. See Decision 3. As such, even if petitioner could show that her petition had a reasonable basis, she would not be entitled to any compensation for her pain and suffering.

## III. Conclusion

Petitioner is not entitled to compensation for attorneys' fees for expending her own time as a pro se petitioner. Nor is petitioner entitled to receive reimbursement for her costs because her claim lacked a reasonable basis. Petitioner's application for attorneys' fees and costs is hereby **DENIED.** As such, petitioner is not entitled to an award for attorneys' fees or costs. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]


**IT IS SO ORDERED.**


Dated: _____                    _____
                                                          Laura D. Millman
                                                          Special Master


---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review.