# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 09-867V
April 30, 2013
Not To Be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CLARITZA and WILLIAM TORRES, | * | |
| as parents and natural guardians of | * | |
| W.T., | * | |
| | * | |
| Petitioners, | * | Attorneys' Fees and Costs; Guardianship |
| | * | Costs; Special Needs Trust Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

F. John Caldwell, Jr., Sarasota, FL, for petitioner.
Darryl R. Wishard, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 16, 2009, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10-34, alleging that Menactra, DTaP, and Varivax vaccines caused W.T.'s Guillain-Barré syndrome ("GBS"). On June 10, 2011, the parties filed a stipulation, in which they agreed to settle the above-captioned case. The undersigned issued a damages decision on June 10, 2011 and a redacted damages decision on June 14, 2011. On January 9, 2012, petitioners filed an application for $25,511.97 in attorneys' fees and costs and a motion to stay their fee application because of an unresolved Pennsylvania state issue regarding the administration of the settlement funds. The undersigned issued an order granting petitioners' motion for a stay of their fee application on January 12, 2012. On November 9, 2012, petitioners

---

[1] Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

filed an order from the Philadelphia Orphans' Court that designates Claritza Torres as the limited guardian of W.T.'s estate for purposes of the above-captioned case.

## I. Procedural History of Petitioner's Fee Application

On March 25, 2013, petitioners filed an application for attorneys' fees and costs ("Fee App.").[2] On March 26, 2013, respondent filed her response to petitioners' application for attorneys' fees and costs ("Opp'n").[3] Petitioners filed a reply to respondent's response ("Reply") on April 5, 2013.

In their March 25, 2013 application for attorneys' fees and costs, petitioners request $26,000.00 for attorneys' fees and costs incurred by Maglio Christopher & Toale, PA. Petitioners also request reimbursement of $7,379.40 for costs incurred in Pennsylvania state court, comprised of $3,000.00 in fees paid to Begley Law Group, PC for establishing a pooled special needs trust through the Pennsylvania Court of Common Pleas and $4,379.40 in costs for establishing Claritza Torres as the limited guardian of W.T.'s estate for purposes of the above-captioned case.

## II. Awarding Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa–15(e)(1). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Respondent does not object to petitioners' request for reimbursement of $26,000.00 for attorneys' fees and costs incurred by Maglio Christopher & Toale, PA. Opp'n 1. However, respondent does object to petitioners' costs incurred to establish guardianship and a special needs trust. Id. at 2-3.

---

[2] With their fee application, petitioners filed seven exhibits in support of their request. See Fee App., Ex. A (counsel's billing invoices); Fee App., Ex. B (petitioners' statement that they incurred $7,379.40 in fees and costs); Fee App., Ex. C (the signed stipulation); Fee App., Ex. D (invoices from Begley Law Group, PC); Fee App., Ex. E (a letter regarding fees from Kristen L. Behrens of the Begley Law Group, PC); Fee App., Ex. F (the Pennsylvania order appointing Claritza Torres as limited guardian of the estate of W.T.); Fee App., Ex. G (the Pennsylvania order establishing a pooled special needs trust for the benefit of W.T.).

[3] Respondent filed three exhibits in support of her opposition. See Opp'n, Ex. A (the Pennsylvania order establishing a pooled special needs trust for the benefit of W.T.); Opp'n, Ex. B (the docket for the Pennsylvania guardianship proceedings); Opp'n, Ex. C (the Pennsylvania and Philadelphia Orphans' Court Rules).

## III. Analysis

### A. Costs Incurred Establishing Guardianship

Respondent objects to the $4,379.40 in costs petitioner incurred establishing Claritza Torres as the limited guardian of W.T.'s estate for purposes of the above-captioned case. Respondent claims that the costs associated with establishing Claritza Torres's temporary guardianship of W.T. were not incurred in a proceeding on the vaccine, as required by 42 U.S.C. § 300aa–15(e)(1). Opp'n 2. Nonetheless, respondent recognizes that "in more recent cases, special masters have interpreted the Vaccine Act's fee provision to include reimbursement for fees and costs incurred in obtaining a guardianship in state court." Id. at 2-3; see, e.g., Cansler ex. rel. Cansler v. Sec'y of HHS, No. 09-596V, 2011 WL 597791, at *2-3 (Fed. Cl. Spec. Mstr. Feb. 2, 2011) (in which the undersigned awarded reimbursement of $3,210.59 for guardianship costs); Gruber v. Sec'y of HHS, No. 00-749V, 2009 WL 2135739, at *10-11 (Fed. Cl. Spec. Mstr. June 24, 2009) (awarding reimbursement of $4,027.00 for the establishment of a guardianship), vacated on other grounds, 91 Fed. Cl. 773 (2010).

The special masters award the amounts expended for petitioners to obtain representative authority in their local state courts because representative authority is a condition precedent to petitioners receiving a vaccine award. See, e.g., Cansler, 2011 WL 597791, at *3 ("This trend of using common sense to award guardianship costs when they are mandated as a *sine qua non* of receiving a vaccine damages award should continue."). In the present case, the terms of the damages stipulation require petitioners to obtain representative authority in order for respondent to release the money to which the parties have stipulated in their agreement on damages. If petitioners do not obtain said representative authority, they do not get paid. In the above-captioned case, paragraph 13 of the stipulation reads:

> Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians of [W.T.'s] estate under the laws of the Commonwealth of Pennsylvania. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians of [W.T.'s] estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians of the estate of [W.T.] at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian of the estate of [W.T.] upon submission of written documentation of such appointment to the Secretary.

Paragraph 13 makes obtaining guardianship of W.T.'s estate a condition precedent to payment pursuant to the stipulation. As such, the undersigned finds petitioners' request for reimbursement for establishing Claritza Torres's temporary guardianship of W.T. to be reasonable.

In addition, based on the undersigned's experience, the undersigned finds $4,379.40 to be a reasonable amount for establishing guardianship. See Gruber, 2009 WL 2135739, at *11

3

(awarding $4,027.00 for reimbursement of costs to establish guardianship); see also Sampt v. Sec'y of HHS, No. 07-122V, 2011 WL 1629661, at *1-2 (Fed. Cl. Spec. Mstr. Mar. 29, 2011) (the undersigned awarded reimbursement of $4,442.80 for costs to establish petitioner as the representative of the decedent's estate, as required by the stipulation).

## B. Costs Incurred Establishing a Special Needs Trust

Respondent objects to the $3,000.00 petitioners request for establishing a special needs trust for W.T.'s benefit and having a Pennsylvania court authorize the trust. Respondent states that the costs associated with establishing a special needs trust were not incurred in a proceeding on the vaccine, as required by 42 U.S.C. § 300aa–15(e)(1). Opp'n 3. Petitioners claim that the $3,000.00 was incurred in "fulfilling their obligations under the stipulation." Reply 4. While the stipulation requires petitioners to obtain representative authority, there is no requirement in the stipulation that petitioners create a special needs trust. Petitioners claim that if the settlement funds passed directly to them, petitioners and W.T. would become ineligible for Medicaid benefits. This would result, petitioners allege, in vaccine compensation being "a detriment to Petitioners rather than a benefit." Fee App. 2. Regardless of petitioners' interest in making sure that their son W.T. does not get removed from Medicaid coverage in Pennsylvania, the issue of Medicaid coverage is not encompassed under the Vaccine Act except for the requirement that respondent pay any Medicaid lien that exists for past medical expenses to treat W.T.'s vaccine injury. 42 U.S.C. § 300aa–15(g). The Vaccine Act is silent as to providing that a vaccinee keep his Medicaid coverage for future medical expenses that are not for his vaccine injury (since the vaccine award will compensate for his past and future unreimbursable vaccine-related medical expenses). No special master in the twenty-five years of the Vaccine Program has awarded fees for creating special needs trusts that enable vaccinees to shelter their vaccine damage awards from their state's Medicaid considerations. A special needs trust is neither in the damages stipulation nor in the Vaccine Act. Therefore, the amounts petitioners expended to create the special needs trust for W.T. and have it authorized in a Pennsylvania court were not "incurred in any proceeding on such petition" and are not recoverable under the Vaccine Act.

## C. Petitioners' Counsel's Professional Duty

Petitioners claim in Petitioners' Reply Brief on Attorney Fees and Costs that petitioners' counsel has an obligation under the Model Rules of Professional Conduct to look after all of the interests of his clients. Reply 1-2. Due to this obligation, petitioners assert that petitioners' counsel should be compensated for the amount of money it took to create a special needs trust and have the Pennsylvania court authorize it. Id. Petitioners' counsel's interpreted professional duties are not at issue. There is nothing to prevent petitioners from establishing a special needs trust. However, the language of the Vaccine Act, 42 U.S.C. § 300aa–15(e)(1), limits the attorneys' fees and costs that petitioners shall receive in the Vaccine Program to those "incurred in any proceeding on such petition." The interpretation of the words "on such petition" means that the activities must be related to the vaccine petition. Petitioners' costs to create a special needs trust and have the Pennsylvania court authorize it were not "incurred in any proceeding on such petition" and are not recoverable under the Vaccine Act.

4

**IV. Conclusion**

The undersigned awards petitioners the following in attorneys' fees and costs and finds the amounts to be reasonable:

a. **$26,000.00**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioners and Maglio Christopher & Toale, PA, in the amount of **$26,000.00**; and

b. **$4,379.40**, representing reimbursement for petitioners' costs establishing Claritza Torres as the limited guardian of W.T.' estate for purposes of the above-captioned case. The award shall be in the form of a check for **$4,379.40** made payable to petitioners.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

Dated: <u>April 30, 2013</u>                                          <u>s/ Laura D. Millman</u>
                                                                                    Laura D. Millman
                                                                                    Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.