# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-678V
Filed: January 6, 2017
Not for Publication

```
************************************
TAMATHA ANDERS,                       *
                                      *
                                      *
             Petitioner,              *          Attorneys' fees and costs decision;
                                      *          reasonable attorneys' fees and costs;
  v.                                  *          hours reasonably expended; time
                                      *          billed for travel
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
             Respondent.              *
                                      *
************************************
```

Gil L. Daly, II, Fort Worth, TX, for petitioner.
Douglas Ross, Washington, DC, for respondent.


**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' COSTS[1]

On June 30, 2015, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged she developed Bell's palsy as a result of her receipt of tetanus-diphtheria-acellular pertussis ("Tdap") vaccine. On December 7, 2016, the undersigned issued a damages decision in this case pursuant to the parties' stipulation awarding petitioner $175,000.00 in compensation.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On December 28, 2016, petitioner filed a motion for attorneys' fees and costs requesting attorneys' fees in the amount of $66,072.50 and attorneys' costs in the amount of $2,826.64, for a total request of $68,899.14. In compliance with General Order #9, petitioner's counsel filed a signed statement from petitioner stating she incurred no out of pocket expenses in litigating her claim.

On January 6, 2017, respondent filed a response to petitioner's motion explaining that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that the majority of petitioner's attorneys' fees and costs request is reasonable. However, she finds that the amount petitioner requests for her attorneys' travel is excessive. Petitioner's counsel billed 32.3 hours of time at the hourly rate of $325.00 for travelling to and from petitioner's home in Austin, Texas. It is well established that travel time is compensated at 50 percent of counsel's hourly rate when the attorney is not performing work while traveling. See, e.g., Carter v. Sec'y of HHS, No. 04-1500V, 2007 WL 2241877 (Fed. Cl. Spec. Mstr. July 13, 2007). There is no indication that counsel performed work while traveling. Therefore, 32.3 hours of petitioner's counsel's time will be compensated at a 50 percent rate. **Accordingly, the undersigned reduces petitioner's award of attorneys' fees and costs by $5,248.75**.

The undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. Accordingly, the court awards **$63,650.39**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and the Law Office of Gil L. Daley, II, P.C. in the amount of **$63,650.39**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**


Dated: January 6, 2017                                    s/ Laura D. Millman
                                                         Laura D. Millman
                                                         Special Master