# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-502V
Filed: August 31, 2017
Not for Publication

```
************************************
STEPHANIE DELAPAZ,                  *
                                    *
           Petitioner,              *
                                    *         Interim attorneys' fees and costs
v.                                  *         decision; reasonable attorneys' fees
                                    *         and costs
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
           Respondent.              *
                                    *
************************************
```

Sean F. Greenwood, Houston, TX, for petitioner.
Amy P. Kokot, Washington, DC, for respondent.

**MILLMAN, Special Master**


### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On May 15, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging she developed autonomic neurocardiogenic syncope and migraine-like headaches as a result of her receipt of Gardasil vaccine. On June 26, 2017, the undersigned set an entitlement hearing for September 26-27, 2018.

On July 27, 2017, petitioner filed a motion for interim attorneys' fees and costs. Petitioner requests $40,505.00 in interim attorneys' fees and $6,598.78 in interim attorneys' costs, for a total request of $47,103.78.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On August 7, 2017, respondent filed a response to petitioner's motion explaining he defers to the undersigned to decide whether petitioner has met the legal standard for an interim fees and costs award. Resp. at 2. Respondent states that if the undersigned finds an award of interim attorney fees and costs is appropriate at this juncture of the case, he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Id. Should the undersigned find an award of interim attorneys' fees and costs is appropriate, respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award." Id. at 3. Petitioner did not file a reply to respondent's response.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications."). Furthermore, the special master may reduce fees *sua sponte,* apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009).

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that an award of interim attorneys' fees and costs is appropriate at this juncture in the case. Therefore, the undersigned **GRANTS** petitioner's motion for interim attorneys' fees and costs.

Accordingly, the court awards **$47,103.78**, representing interim attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and The Greenwood Law Firm in the amount of **$47,103.78**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: August 31, 2017                                    /s/ Laura D. Millman
                                                                      Laura D. Millman
                                                                      Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.