# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-127V
Filed: July 23, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BONITA ROSNER, | \* | |
| | \* | |
| Petitioner, | \* | |
| | \* | Attorneys' fees and costs decision; |
| v. | \* | reasonable attorneys' fees and |
| | \* | costs |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Joseph A. Vuckovich, Washington, DC, for petitioner.
Jennifer L. Reynaud, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 27, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that she suffered Guillain-Barré Syndrome ("GBS") as a result of her November 17, 2015 receipt of the influenza ("flu") vaccine.   Pet. at ¶¶ 1 and 8.

On March 23, 2018, the parties filed a stipulation in which they agreed to settle this case and described the settlement terms.   Respondent denies that the flu vaccine caused petitioner's GBS or any other injury.   Nonetheless, the parties agreed to resolve this matter informally.   On the same day, the undersigned issued a decision awarding compensation in the amount and on

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

the terms set forth in the stipulation.   Judgment entered on April 3, 2018.

On July 5, 2018, petitioner filed a motion for attorneys' fees and expenses ("fees motion"), requesting attorneys' fees of $34,038.00 and attorneys' costs of $1,219.85, for a total request of $35,257.85.   Because counsel paid the filing fee, petitioner had no costs.

Respondent had until July 19, 2018 to file a response to petitioner's fees motion.   On July 19, 2018, respondent filed neither a response nor a motion for an extension of time.   The undersigned's law clerk emailed respondent's counsel on July 20, 2018.   Respondent's counsel did not respond.   The undersigned finds respondent's failure to respond constitutes a waiver.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).   It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim."   Id.   The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.   Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees and costs request reasonable except for Mr. Vuckovich's hourly rates.   Petitioner requests the hourly rates of $313.00 and $323.00 for Mr. Vuckovich's work performed in 2017 and 2018, respectively.   Since Mr. Vuckovich has been practicing law for eight years, he may be awarded $230-307 for work performed in 2017 and $291-370 for work performed in 2018.   The undersigned awards Mr. Vuckovich's hourly rate for his work performed in 2017 at $290 and his work in 2018 at $300.   Because Mr. Vuckovich billed 74.4 hours in 2017 and 6.3 hours in 2018, **this results in a deduction of $1,856.10.**

Accordingly, the court awards **$33,401.75**, representing attorneys' fees and costs.   The award shall be in the form of a check made payable jointly to petitioner and Maglio Christopher & Toale, PA in the amount of **$33,401.75**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**

Dated: July 23, 2018                                             s/ Laura D. Millman
                                                                              Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.