# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *
MICHAEL GRESHAM *and*       *
ALLISON GRESHAM *as Parents,*      *
*Natural Guardians and Next Friends*   *
*of A.K.G., Minor Child,*        *
                         *     No. 18-711V
            Petitioners,    *     Special Master Christian J. Moran
                         *
v.                        *     Filed: December 18, 2020
                         *
SECRETARY OF HEALTH    *     Attorneys' Fees and Costs
AND HUMAN SERVICES,     *
                         *
            Respondent.    *
* * * * * * * * * * * * * * * * * * * * ** *

Susan M. Cremer, Law Offices of Michael Lawson Neff, PC, Atlanta, GA, for Petitioners;
Claudia B. Gangi, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is Michael and Allison Gresham's ("petitioners") motion for final attorneys' fees and costs. They are awarded **$27,779.37**.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

\*　　\*　　\*

On November 5, 2018, petitioners filed for compensation on behalf of their minor child, A.K.G. under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioners alleged that the influenza vaccine A.K.G. received on December 29, 2015, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused A.K.G. to develop optic neuritis. Petitioners further alleged that A.K.G. suffered the residual effects of this injury for more than six months. On April 18, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on April 29, 2020.

On August 13, 2020, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioners request attorneys' fees of $25,189.90 and attorneys' costs of $2,589.47 for a total request of $27,779.37. Fees App. at 1. Pursuant to General Order No. 9, petitioners warrant that they have not personally incurred any costs related to the prosecution of this case. Id. at 2. On August 31, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioners did not file a reply thereafter.

\*　　\*　　\*

Because petitioners received compensation, they are entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioners request the following rates of compensation for the work of their counsel, Ms. Susan Cremer: $350.00 per hour for work performed in 2016-2017, $407.00 per hour for work performed in 2018, $415.00 per hour for work performed in 2019, and $433.00 per hour for work performed in 2020. The rates requested for 2016-2018 are consistent with what Ms. Cremer has previously been awarded for her Vaccine Program work. See Boudreau v. Sec'y of Health & Human Servs., No. 17-1048V, 2018 WL 5269912 (Fed. Cl. Spec. Mstr. Aug. 31, 2018). Concerning the rates requested for 2019 and 2020, the undersigned also finds them to be reasonable given Ms. Cremer's experience.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds that the request is reasonable. The billing entries are sufficiently detailed to allow the undersigned to assess the reasonableness of the work and none appear to be objectionable upon review. Respondent also has not identified any particular entries as unreasonable. Petitioners are therefore awarded the full amount of attorneys' fees sought.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioners request a total of $2,589.47 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, photocopies, and postage. Petitioners have provided adequate documentation supporting all of the requested costs, and all appear reasonable in the undersigned's experience. They are therefore awarded the full amount of attorneys' costs sought.

E.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards a total of **$27,779.37** (representing $25,189.90 in attorneys' fees and $2,589.47 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and the Law Offices of Michael Lawson Neff, PC.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


        **IT IS SO ORDERED**.


                                                s/Christian J. Moran
                                                Christian J. Moran
                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.