# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
STEFANIE PARTRIDGE,              *
                                 *      No. 20-361V
              Petitioner,        *      Special Master Christian J. Moran
                                 *
v.                               *      Filed: November 27, 2024
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
              Respondent.        *
* * * * * * * * * * * * * * * * * * * * *
```

Michael Avrim Firestone, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for Petitioner;
Camille Michelle Collett, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING
### ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Stefanie Partridge's motion for final attorneys' fees and costs. She is awarded **$45,009.30**.

\* \* \*

On March 30, 2020, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

alleged that the influenza vaccine she received on September 19, 2018, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer from a Shoulder Injury Related to Vaccine Administration ("SIRVA") as defined in the Table. On August 30, 2023, the parties filed a joint in which the undersigned adopted as his decision on August 31, 2023. 2023 WL 6318084.

On March 7, 2024, petitioner filed a motion for attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $39,172.84 and attorneys' costs of $348.41. Id. at 1, 28.[2] Pursuant to General Order No. 9, petitioner states that she incurred $5,488.05 in costs related to the prosecution of this Petition, comprised of $5,000.00 for her medical expert's fee, $402.00 for the filing fee, and $86.05 for postage. Id. Thus, the total amount requested is $45,009.30.

On March 14, 2024, respondent filed a response to petitioner's motion. Resp't's Resp. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." Id. at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Respondent further states, "[t]o the extent petitioner is requesting higher expert hourly rates than what has typically been awarded in the past, respondent submits that the Court should reserve the highest rates for the most qualified experts opining on the most complex medical issues . . . . " and requests that the Court "continue to make case-by-case determinations about a reasonable hourly rate, based upon the work performed, and any revised expert hourly rate ceiling should reflect the unique character of the Vaccine Program." Id. at 3-4. Respondent "urges that the hourly rates paid to experts who appear on behalf of respondent ($375.00) be considered when determining an appropriate hourly rate." Id. at 4. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\* \* \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

---

[2] It appears that the amount of $209.46 listed as the costs on page one of petitioner's motion for attorneys' fees and costs is incorrect. The correct amount of $348.41 is listed in nurse/paralegal Patricia Barrick's affidavit. Fees App. at 28.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.      Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Michael Firestone: $300.10 per hour for work performed in 2019, $311.20 per hour for work performed in 2020, $365.00 per hour for work performed in 2021, $381.43 per hour for work performed in 2022, $425.00 per hour for work performed in 2023, and 446.25 per hour for work performed in 2024; for Mr. Tim O'Hara, $475.00 per hour for work performed in 2022; for Dr. Robert Turbow, J.D., $418.00 per hour for work performed in 2022; for Dr. Andrew Dibbern, J.D., $261.00 per hour for work performed in 2022; and for Ms. Meghan Shiner, $185.00 per hour for work performed in 2021. These rates are consistent with what Mr. Firestone, Mr. O'Hara, Dr. Turbow, Dr. Dibbern, and Ms. Shiner have previously been awarded for their Vaccine Program work. See, e.g., Yu v. Sec'y of Health & Human Servs., No. 21-2026V, 2024 WL 4432790, at *3-4 (Fed. Cl. Spec. Mstr. Aug. 21, 2024); Gudaitis v. Sec'y of Health & Human Servs., No. 17-

1570V, 2023 WL 4638430, at *2 (Fed. Cl. Spec. Mstr. June 29, 2023); Caredio v. Sec'y of Health & Human Servs., No. 17-0079V, 2022 WL 1532309, at *3 (Fed. Cl. Spec. Mstr. Apr. 19, 2022); Phillips v. Sec'y of Health & Human Servs., No. 16-906V, 2021 WL 2768362, at *2 (Fed. Cl. Spec. Mstr. May 26, 2021); see also Glover v. Sec'y of Health & Hum. Servs., No. 16-891V, 2017 WL 5022673 (Fed. Cl. Spec. Mstr. Sep. 19, 2017) (compensating a medical consultant, who is roughly analogous to Dr. Dibbern, at a rate of $250.00 per hour). Additionally, Dr. Turbow requests an increased hourly rate of $418.00 for 2023. The undersigned finds this increase reasonable and will award the requested rate for Dr. Turbow.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable.

Therefore, petitioner is awarded final attorneys' fees in the amount of $39,172.84.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $348.41 in attorneys' costs. Fees App. at 28. This amount is comprised of postage, and $103.00 of Dr. Bodor's expert fees. Fees App. at 28, 30-34. Petitioner has provided adequate documentation of the postage costs, and they will be awarded in full.

Petitioner also requests a total of $5,488.05 for costs he incurred related to pursing this case. Fees App. at 60. This amount is comprised of the Court's filing fee, postage, and a $5,000.00 retainer for expert services provided by Dr. Marko Bodor. *Id*. Dr. Bodor billed for 9.72 hours at a rate of $525.00 per hour for expert services he provided in 2022 and 2023. The undersigned makes no finding as to the

4

reasonableness of Dr. Bodor's hourly rate; however, the total number of hours billed are reasonable and the total amount requested is reasonable for the work Dr. Bodor performed in this case. Accordingly, petitioner's personal costs have been well-documented and are reasonable and shall be fully reimbursed. Petitioner is therefore awarded $5,488.05.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards **$39,521.25** (representing $39,172.84 in attorneys' fees and $348.41 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Michael Firestone. The undersigned also awards **$5,488.05** for petitioner's personally incurred litigation costs as a lump sum in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]


**IT IS SO ORDERED**.


s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.