# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 16, 2018

```
*  *  *  *  *  *  *  *  *  *  *  *
BRYAN BRUTSCH,                           *          UNPUBLISHED
                                         *
            Petitioner,                  *          No. 16-874V
                                         *
v.                                       *          Special Master Gowen
                                         *
SECRETARY OF HEALTH                      *          Attorneys' Fees and Costs;
AND HUMAN SERVICES,                      *          Special Master's Discretion.
                                         *
            Respondent.                  *
*  *  *  *  *  *  *  *  *  *  *  *
```

Isaiah R. Kalinowski, Maglio Christopher and Toale, PA, Washington, DC, for petitioner.
Mallori B. Openchowski, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 25, 2016, Bryan Brutsch ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner received an influenza ("flu") vaccination on or about November 12, 2014. Petitioner alleges that as a consequence of the flu vaccine, he suffered Guillain-Barré syndrome ("GBS") and suffered the residual effects of that injury for more than six months. On September 1, 2017, I issued a decision awarding petitioner compensation based on the parties' stipulation. Decision (ECF No. 29).

On February 14, 2018, petitioner filed a motion for attorneys' fees and costs. Petitioner's ("Pet.") Motion ("Mot.") (ECF No. 34). The motion included petitioner's signed statement that he did not incur costs related to the prosecution of this claim, in accordance with General Order No. 9. Pet. Mot., Pet. Ex. 9.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On February 21, 2018, respondent filed a response to petitioner's motion. Respondent's Response (ECF No. 35). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Id. at 1. Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

A preliminary review of the motion indicated that petitioner requested rates for one attorney, Ms. Amber Wilson at the firm of Maglio Christopher and Toale, PA, in excess of what the undersigned and other special masters have found to be reasonable. On February 22, 2018, I ordered petitioner to file supporting documentation for Ms. Wilson's requested rates or an amended motion for attorneys' fees. Order (ECF No. 36). On February 28, 2018, petitioner filed an amended motion for attorneys' fees and costs, including updated rates for Ms. Wilson. Petitioner requested attorneys' fees in the amount of $23,678.05 and attorneys' costs in the amount of $1,516.73, for a total attorneys' fees and costs request of $25,194.78. Pet. Amended Mot. (ECF No. 37). This matter is now ripe for adjudication.

Under the Vaccine Act, the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation. § 300aa-15(3)(1). In this case, petitioner was awarded compensation pursuant to a joint stipulation, therefore he is entitled to an award of attorneys' fees and costs.

After a detailed review, I find that the hourly rates requested are generally reasonable. Mr. Kalinowski, his colleagues, and their paralegals at Maglio Christopher & Toale PA have been repeatedly found to be "in-forum" and therefore entitled to the forum rates I first formulated in McCulloch v. Sec'y of Health & Human Servs., No. 09-239V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[3] Most of the rates requested are consistent with what has been found to be reasonable and awarded in other cases. Petitioner's amended motion specifically requests that Ms. Wilson be awarded $275/ hour for work performed in 2016 and $290/ hour for work performed in 2017. Pet. Amended Mot. - Pet. Ex. 12 at 3 and Pet. Ex. 13 at 5, 9-10. These rates are consistent with recent prior decisions by the undersigned and other special masters. See, e.g., Sun v. Sec'y of Health & Human Servs., No. 16-1361V, slip op. (Fed. Cl. Spec. Mstr. Jan. 22, 2018); Sewell v. Sec'y of Health & Human Servs., No. 12-124V, 2017 WL 6206208 (Fed. Cl. Spec. Mstr. Nov. 13, 2017). I find that they are also reasonable and should also be awarded in this case.[4]

---

[3] The McCulloch forum rates have been updated for subsequent years. These ranges are provided on the United States Court of Federal Claims website, under the Vaccine Claims section. See OSM Hourly Rate Charts, http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

[4] Petitioner has submitted an affidavit from Ms. Wilson, which also addresses her proposed rate for work performed in 2018. Pet. Ex. 12 at 3. The attorneys' fees billing invoice indicates that Ms. Wilson did not perform any work on this case in 2018. Thus, I do not reach the question of whether Ms. Wilson's proposed 2018 rate is reasonable and this decision does not constitute such a determination.

For Mr. Kalinowski, petitioner requests an increased hourly rate of $368 for work performed in 2018. Pet. Amended Mot., Pet. Ex. 13 at 10. This represents a minimal increase from his rate for prior years. It is within the appropriate range for an attorney in Mr. Kalinowski's experience category (11 – 19 years). Based on my experience and my review of Mr. Kalinowski's work, I find that this is a reasonable increase and will be awarded.

A line-by-line evaluation of the fee application is not required and will not be performed. Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (1991), aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993 (per curiam). Instead, I may rely on my experience to determine a reasonable number of hours expended. Id. Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). I find that the hours expended in the case are generally reasonable and I find no cause for adjustment.

Like attorneys' fees, a request for reimbursement of costs must be reasonable. See Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). In this case, petitioner requests attorneys' costs related to filing the claim in the Vaccine Program, obtaining medical records, copies, postage, and traveling to petitioner. These costs appear reasonable and adequately documented. Thus, they will be awarded in full.

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. **I hereby award a lump sum in the amount of $25,194.78, representing reimbursement for attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel of record, Isaiah Kalinowski of Maglio Christopher & Toale, PA.[5]**

Per petitioner's request, the check shall be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida, 34236.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[6]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties separately or jointly filing notice renouncing their right to seek review.