# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-369V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * *
CARMEN MORENO LOZANO,              *
                                   *          Chief Special Master Corcoran
                                   *
           Petitioner,             *          Filed: November 30, 2020
                                   *
      v.                           *          Attorney's Fees and
                                   *          Costs; Final Award
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
           Respondent.             *
                                   *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Craig Homer,* Conway, Homer, P.C., Boston, MA, for Petitioner.

*Robert Coleman,* U.S. Dep't of Justice, Washington, DC, for Respondent.


## DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 13, 2015, Carmen Moreno Lozano filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that the Diphtheria-Tetanus-acellular Pertussis vaccine she received on July 15, 2012, caused her to develop acute disseminated encephalomyelitis. *See* Petition ("Pet.") (ECF No. 1) at 1. The matter was tried in June 2017, and I issued a Decision in favor of Petitioner on August 4, 2017.

---

[1] Although I have not specifically designated this decision for publication, the fact that it contains a reasoned explanation for my actions in this case means it will be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. 300aa-10-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. 300aa.

Decision, filed Aug. 4, 2017 (ECF No. 43). The parties thereafter resolved the issue of damages via proffer in November 2018. Decision by Proffer, filed Nov. 28, 2018 (ECF No. 72) (the "Decision").

Appellate practice occurred both before and after the Judgment's issuance. First, Respondent filed a Motion for Review of the underlying Entitlement Decision on December 21, 2018, but the motion was denied by the Court of Federal Claims on May 21, 2019. Judge Vaccine Order/Opinion Denying Motion for Review, filed May 21, 2019 (ECF No. 79). Next, once judgment entered on the proffered damages award, the issue of entitlement was appealed to the Federal Circuit, but this appeal was also unsuccessful. Decision, filed May 18, 2020 (ECF No. 84); Mandate, filed Aug. 10, 2020 (ECF No. 86). The parties thereafter jointly requested relief from the Judgment in order to correct inconsistencies in the Judgment's mechanism for paying damages that became apparent in the time since its entry and which would, if not corrected, unfairly prejudice the Petitioner. Joint Motion for Relief from Judgement, filed Sept. 1, 2020 (ECF No. 87) ("Mot."). I granted this motion on September 16, 2020. Decision, filed Sept. 16, 2020 (ECF No. 88).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion for Attorney's Fees and Costs, dated October 28, 2020 (ECF No. 92) ("Fees App."). Petitioner requests $51,575.27[3] ($41,347.60 in attorney's fees plus $10,227.67 in costs) for the work of multiple attorneys, including Mr. Ronald Homer and Ms. Christina Ciampolillo, and multiple paralegals, from November 2017 to the present date. Costs include medical record retrieval, life care planning, travel expenses, and shipping costs. *See* Fees App. at Tab B. Respondent reacted to the fees request on November 13, 2020. *See* Fees Response, dated November 13, 2020 (ECF No. 93). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in the case, and otherwise defers to my discretion the calculation of a proper amount to be awarded. *Id.* at 2, 3.

## ANALYSIS

### I.      Standards for Fees Awards

Under the Vaccine Act, petitioners who receive compensation for their injuries are by statute entitled to an award of attorney's fees and costs. However, such fees and costs must be "reasonable." Section 15(e)(1). It is for the special master to evaluate and decide whether this is the case. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). To this end, special masters have discretion in determining what a

---

[3] I previously made an interim award of fees and costs to Petitioner and his counsel (for the time period of work preceding that relevant herein) in the amount of $105,454.54. Interim Fees Decision, dated Dec. 7, 2017 (ECF No. 53).

reasonable fees award is, and may reduce hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. At 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Special masters are not obligated to evaluate a fees petition on a line-by-line basis. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993) (approving the special master's elimination of 50 percent of the hours claimed); *see also Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728–29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction in the number of hours from 515.3 hours to 240 hours); *Edgar v. Sec'y of Health & Human Servs.*, 32 Fed. Cl. 506 (1994) (affirming the special master's awarding only fifty-eight percent of the numbers of hours for which compensation was sought). Rather (as the United States Supreme Court instructs) when awarding attorney's fees special masters may use estimates to achieve "rough justice." *Fox v. Vice*, 131 S.Ct. 2205, 2216 (2011).

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys and support staff, based on the years work was performed:

|  | **2017** | **2018** | **2019** | **2020** |
|---|---|---|---|---|
| **Ronald C. Homer, Esq.** | $409.00 | $421.00 | $430.00 | $477.00 |
| **Christina Ciampolillo, Esq.** | $307.00 | $342.00 | $350.00 | $380.00 |
| **Patrick Kelly, Esq.** | - | - | $205.00 | - |
| **Joseph Pepper, Esq.** | - | $305.00 | $325.00 | $355.00 |
| **Lauren Faga, Esq.** | - | $279.00 | - | - |
| **Meredith Daniels, Esq.** | $286.00 | $294.00 | $320.00 | - |
| **Paralegals** | $138.00 | $142.00 | $145.00 | $155.00 |

Attorneys at Conway, Homer, P.C. have long been recognized to practice in forum, entitling them to commensurate rates. In addition, I have recently considered the rates of the same attorneys and legal professionals representing Petitioner in this case and found them to be reasonable. *See Tafuri v. Sec. of Health & Human Servs.,* No. 18-1667V, 2020 WL 5032478, at *1 (Fed. Cl. Spec. Mstr. July 24, 2020) (awarding Mr. Homer a rate of $477.00 per hour and Ms. Ciampolillo a rate of $380.00 per hour for work performed in 2020). And, the hourly rates requested are also consistent with the Office of Special Masters' fee schedule.[4] Therefore, I find

[4] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

The 2020 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf

no cause to reduce them in this case. I also have reviewed the time spent on the matter and find it to be reasonable. As a result, Petitioner shall receive all fees requested in the present motion.

### III.    Calculation of Attorney Costs

Petitioner requests an award of $10,227.67 for costs incurred since the interim fee award, including medical record retrieval, travel expenses, life care planning, and shipping costs. Fees App. at Tab B. Such costs are typical in Program cases, Respondent does not otherwise object to their reasonableness, and I therefore award them as requested.

### CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I therefore award a total of $51,575.27, reflecting $41,347.60 in attorney's fees and $10,227.67 in costs, in the form of a check made jointly payable to Petitioner and her counsel Ronald Homer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.